■ EDGAR VELECELA, Respondent, v PERIMETER BRIDGE & SCAFFOLDING CO., Appellant, et al., Defendants. [46 NYS3d 877]—

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about April 8, 2016, which denied the motion of defendant Perimeter Bridge & Scaffolding Co. (Perimeter) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Perimeter established its entitlement to judgment as a matter of law in this action where plaintiff was injured when he fell from a scaffold erected by Perimeter. Perimeter submitted evidence showing that it did not owe a duty to plaintiff, who was a third party to its contractual relationship with the property owner of the premises where construction work was being performed (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). In opposition, plaintiff failed to raise a triable issue of fact by failing to demonstrate that Perimeter launched a force or instrument of harm, that plaintiff detrimentally relied on Perimeter's continued performance of its contractual duties, or that Perimeter entirely displaced the property owner's duty to safely maintain the premises (*Espinal* at 140). Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.